# Exhibit A
# Notice of Removal

Case 2:25-cv-00483-REP    Document 1-1    Filed 08/25/25    Page 2 of 9

Electronically Filed
6/30/2025 1:49 PM
First Judicial District, Kootenai County
Jennifer Locke, Clerk of the Court
By: Natalie Seese, Deputy Clerk

Kate Skagerberg, ISB No. 11345
Nelson Mullins Riley & Scarborough LLP
1222 Demonbreun St., Suite 1700
Nashville, TN 37203
Tel.: (615) 664-5351
Email: kate.skagerberg@nelsonmullins.com
*Attorneys for Radiology Associates of North Idaho, Inc.*

DISTRICT COURT FIRST JUDICIAL DISTRICT
KOOTENAI COUNTY, IDAHO

| | | |
|---|---|---|
| RADIOLOGY ASSOCIATES OF NORTH IDAHO, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. CV28-25-4627 |
| CHANGE HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC, | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Radiology Associates of North Idaho, Inc. ("RANI") by and through its counsel, states the following for its Original Complaint against Defendant Change Healthcare Technology Enabled Services, LLC (the "Defendant").

### I.    PARTIES

1. RANI is a professional service corporation organized and existing under the laws of Idaho with its principal place of business in Coeur d'Alene, Idaho.

2. Change Healthcare Technology Enabled Services, LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Nashville, Tennessee.

*Plaintiff's Original Complaint*    1

Simmons, Casey

## II.     JURISDICTION AND VENUE

3.      This Court possesses subject matter jurisdiction over this matter pursuant to Idaho Code Section 5-514(a)-(b) because the transaction central to the matter at hand took place within Idaho and Defendant committed tortious acts within the state.

4.      Venue is proper in Kootenai County, Idaho pursuant to Idaho Code § 5-504, because it is the county in which the cause of action arose.

## III.     FILING FEE INFORMATION

5.      This case falls within filing fee category A.A. of Appendix "A" to the Idaho Rules of Civil Procedure. The filing fee prescribed is $221.00.

## IV.     FACTUAL ALLEGATIONS

6.      RANI is a medical services provider, providing radiology services to the public in the North Idaho area.

7.      Defendant is the successor in interest to a Practice Management Services Agreement dated April 29, 2011 (the "Management Agreement") with RANI. Upon information and belief, in 2017, Defendant entered a joint venture with McKesson Corporation. As a result of the joint venture, the Defendant became the successor-in-interest to PST Services, Inc. ("Per-Se").

8.      Under the Management Agreement, the Defendant was obligated to provide a significant number of services (the "Services") that include, *inter alia*:

- Handling all accounts in accordance with all applicable laws (*See* Management Agreement Schedule 1, Section I(b));

- Managing care accounts in accordance with the terms of Client's executed contracts. If no contract exists, bill such accounts in accordance with the rules of the state in

which care was provided or, if no state rules apply, in accordance with Per-Se's normal business procedures (*See* Management Agreement Schedule 1, Section I(c));

- Receiving all payment and reimbursement notices for Client and post payments to the appropriate patient account (*See* Management Agreement Schedule 1, Section I(n));

- Backing-up data off Billing System every night (*See* Management Agreement Schedule 1, Section I(s));

- Following up on delinquent insurance accounts (*See* Management Agreement Schedule 1, Section I(t));

- Maintaining Billing System (*See* Management Agreement Schedule 1, Section I(u)); and

- If Client requests Per-se to forward its unpaid billings to a collection agency or law firm ("Collection Agent"), Per-Se will transmit the information required by the Collection Agent chosen by Client either by hard copy or electronically, in a mutually acceptable format, as requested by such Collection Agent, pursuant to instructions provided to Per-Se by Client. If Client chooses not to send its unpaid billings to a Collection Agent, then Client hereby consents to Per-Se's removal of such accounts from the active accounts receivable that would otherwise be eligible to be sent to a Collection Agent as defined by Per-Se's normal business practices (*See* Management Agreement Schedule 1, Section I(v)).

9. Such Services are a necessary part of RANI's day-to-day operations. A true and accurate copy of the Management Agreement, along with its internal schedules, are attached here, collectively, as Exhibit A.

10. Over time, Defendant breached its obligations under the Management Agreement to timely process, bill, and collect on charges billed as promised in the above-referenced sections of the Management Agreement. Defendant failed to fulfill its fundamental obligations by neglecting to process RANI's patient insurance claims promptly and accurately, failing to collect accounts receivables in line with industry standards, and allowing insurance claims to become time-barred. Defendant's acts and omissions have directly exposed RANI to significant financial liability and avoidable losses, undermining the very purpose of the Agreement.

11. Defendant has not cured its default.

## V.  CAUSES OF ACTION

### A.  BREACH OF CONTRACT

12. RANI realleges and incorporates by reference paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. Defendant entered into a valid and enforceable contract with RANI, as reflected in the Management Agreement.

14. In exchange for RANI's payment, Defendant promised, among other things, to deliver Services in accordance with industry standards. This included the Services identified in paragraph 8 of this Complaint.

15. However, Defendant did not provide these Services in accordance with the Agreement.

16.     Defendant breached its contractual obligations by failing to perform the agreed-upon Services. These breaches included but were not limited to: neglecting to process RANI's patient insurance claims promptly and accurately, failing to collect accounts receivables in line with industry standards, and allowing insurance claims to become time-barred. These failures directly disrupted RANI's ability to access the Services it paid for and interrupted its normal revenue stream.

17.     As a direct and foreseeable consequence of Defendant's breaches, RANI has suffered harm and is entitled to compensation in an amount to be determined at trial. These damages include, but are not limited to: (a) uncollected payments for services rendered, (b) delayed reimbursements, (c) costs associated with securing alternative funding, (d) incurred interest fees, (e) increased labor costs, (f) time and expenses related to hiring third-party staff or vendors to address operational disruptions, (g) costs and time spent adopting new billing systems and software, (h) penalties or lost revenue due to delayed claims submission, (i) the loss of bargained benefits, (j) loss of the time-value of money, including, but not limited to, interest or other income, associated with the preceding injuries and damages, and (k) reputational impairment.

**B.     VIOLATION OF IDAHO CONSUMER PROTECTION ACT**

18.     RANI incorporates by reference paragraphs 1-11 as if fully set forth herein.

19.     Defendant is engaged in trade or commerce as defined under Idaho Code § 48-602(2).

20.     Defendant sold and agreed to provide certain Services to RANI, representing that such Services would be delivered as promised and in accordance with all applicable laws and industry standard.

21. Instead of providing the Services, Defendant neglected to process RANI's patient insurance claims promptly and accurately, failed to collect accounts receivables in line with industry standards, and allowed insurance claims to become time-barred.

22. Defendant's failure to provide the Services for which RANI paid constitutes an unfair and deceptive act or practice in violation of I.C. § 48-603(5), (7), and (17), which prohibits: 1.) "representing that…services have…characteristics, uses, or benefits…that they do not have…"; 2.) "representing that…services are of a particular standard, quality…if they are of another"; and 3.) "engaging in any act or practice that is otherwise misleading, false, or deceptive to the consumer."

23. Defendant's conduct was unfair, deceptive, and misleading in that it: (1.) misrepresented the s reliability of its Services, (2.) failed to disclose the inadequacy of its systems; (3.) failed to provide Services that RANI had paid for; and (4.) engaged in business practices that caused substantial harm to RANI.

24. As a direct and proximate result of Defendant's deceptive and unfair conduct, RANI has suffered damages, including but not limited to financial losses, costs incurred due to the data breach, and other economic and consequential damages.

25. Pursuant to I.C. § 48-608, RANI is entitled to recover actual damages, punitive damages for flagrant and repeated violations, attorneys' fees, and any other relief this Court deems just and proper.

### VI. DISCOVERY RULE-TOLLING OF STATUTE OF LIMITATIONS

26. RANI's claims are timely under the discovery rule, which tolls the statute of limitations until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the facts giving rise to the claim. In this case, the harm suffered by RANI,

as well as the underlying wrongful conduct, was not reasonably discoverable at the time it occurred. The complex and obscured nature of Defendant's conduct prevented RANI from discovering the true source and scope of the injury, which through discovery, RANI anticipates will continue to evolve.

27.     Accordingly, RANI asserts that the filing of its claims is timely under the discovery rule, and any applicable statute of limitations should be tolled to reflect the date of discovery.

### VII.    DAMAGES

28.     As a direct and proximate result of numerous breaches of the Management Agreement by Defendant, RANI has suffered significant and measurable damages in an amount that is presently known to be at least $6,600,000 and increasing. Discovery in this matter has not yet commenced, and RANI anticipates uncovering further damages once it learns of the full extent of the breaches and failures.

### VIII.   JURY DEMAND

29.     RANI respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a trial by jury.

### IX.    REQUEST FOR RELIEF

WHEREAS PREMISES CONSIDERED, RANI prays for the following relief:

a. Enter a judgment in favor of RANI on its breach of contract claim against Defendants Change Healthcare Technology Enabled Services, LLC for a principal amount of actual damages of $6,600,000, or another amount determined at trial, after deducting any applicable credits, along with interest from the date of breach until the amount is fully paid;

b. Enter an Order mandating Defendant to transfer to RANI its accounts and data for the period of 2021 through 2025;

c. Award an Order for damages, including lost profits and consequential damages as allowed by law in an amount to be determined by the trier of fact;

d. Award reasonable attorneys' fees, costs, and expenses;

e. Award pre and post judgment interest on any amount awarded; and

f. Award and other further relief the Court deems just and proper.

Dated: June 30, 2025

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Kate Skagerberg*
    Kate Skagerberg
    ISB No. 11345
    Kate.Skagerberg@nelsonmullins.com
    Nelson Mullins Riley & Scarborough LLP
    1222 Demonbreun, Suite 1700
    Nashville, Tennessee 37203
    P: (615) 664-5351
    F: (615) 664-5399